IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOSE HERNANDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:14-CV-182-A |
| | § | |
| RESULTS STAFFING, INC., | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION
### and
### ORDER

Now before the court for consideration is the motion for summary judgment filed in the above action by defendant, Results Staffing, Inc. Plaintiff, Jose Hernandez, filed a response, to which defendant replied. Having now considered all of the parties' filings, the entire summary judgment record, and the applicable legal authorities, the court concludes that the motion should be granted in part, and held in abeyance for further consideration in remaining part.

I.

### Plaintiff's Pleaded Claims

Plaintiff initiated this action by filing his complaint on March 11, 2014. He asserted causes of action under the Uniformed Services Employment and Reemployment Rights Act of 1994, 38

U.S.C. § 4301 et seq. ("USERRA") for (1) failure to accommodate "persons with a disability incurred or aggravated during military service," and (2) taking action with regard to his employment prior to the end of the eight hour rest period.

## II.

### Grounds of Defendant's Motion and the Nature of Plaintiff's Response

A. Defendant's Motion

Defendant moved for summary judgment as to all of plaintiff's claims. Defendant argued that plaintiff could not rely on the USERRA provision which requires reasonable accommodation of a person's disability which was incurred or aggravated during military service because defendant decided to terminate plaintiff's employment before learning of his need for accommodation for the exacerbation of his back injury.

With regard to plaintiff's claim of discrimination, defendant argued (1) they fired him pursuant to a neutral policy to fire an employee for being a no-show, (2) the same supervisor who hired and promoted him with knowledge of his military obligations, was also the one who made the decision to terminate him, and (3) the company routinely worked with him to accommodate his training schedule.

As to plaintiff's claim of wrongful denial of reemployment,

defendant argued plaintiff waived his eight-hour rest period by calling his supervisor on Sunday evening, and setting his alarm to be at work on time the following day. Lastly, defendant argued that plaintiff has no evidence that he was terminated for any reason other than a legitimate business reason.

B.  Plaintiff's Response

In his response, plaintiff argued that defendant's discriminatory motive in terminating plaintiff's employment can be inferred by the following facts he claims are established by the summary judgment record: (1) the fact that his employer knew he might not make it in time for work the next day, but still fired him when he was a no-show, (2) Donald Thompson ("Thompson"), the Vice President of Sales and Operations and defendant's supervisor asked plaintiff at least three times to avoid his service obligations and expressed displeasure when plaintiff was unable to do so, (3) Thompson once told plaintiff that the job might not be for him when plaintiff was unavailable for a project due to his military service, (4) even though the company had a code for military leave, it used the absent code, and (5) defendant once docked plaintiff's pay while he was on military leave in violation of the Fair Labor Standards Act. Plaintiff also argued that defendant did not prove as a matter of law its affirmative defense, namely that it would have taken the

3

adverse employment action regardless of plaintiff's military status.

As to the claim of failure to reemploy, plaintiff made three arguments: (1) he could not have waived his rest period by reemploying himself at 5:33 p.m., because he was not released from service until 7:30 p.m., (2) the phone call was too <u>de minimis</u> to constitute a waiver of the eight-hour rest period, and (3) because he was recuperating from an injury exacerbated by military service, USERRA extended the period by which he had to present himself for reemployment.

Plaintiff also contests defendant's assertion that plaintiff must show that the reason for his termination was not a legitimate business reason. Plaintiff argued that he must only prove that his military service was a motivating factor in the decision to terminate him, and that he has done so.

In his response, plaintiff made no mention of his claim that defendant failed to accommodate his disability.

III.

<u>Undisputed Facts Pertaining to the Instant Motion</u>

The following is an overview of evidence pertinent to the motion for summary judgment that is undisputed in the summary judgment record:

Plaintiff was hired by defendant in February of 2013 as a

4

Branch Manager. Thompson conducted the interviewed. During that interview plaintiff informed Thompson of his membership in the United States Military Reserves and gave Thompson a copy of his current military orders which outlined his training schedule from October 2012 to September 2013. Plaintiff was thereafter hired. On April 5, 2013, plaintiff received a verbal warning for excessive tardiness. Plaintiff became the Recruiting Manager on or about May 17, 2013. Thompson was involved in the decision to make plaintiff Recruiting Manager and was plaintiff's immediate supervisor.

Plaintiff was scheduled for military drills on the weekend of July 13-14, 2013. He reported to Ellington Field, Houston, Texas, at or before 6:00 a.m. on Saturday, July 13, 2013. He and his unit were then transported to Camp Swift, Bastrop, Texas, where the military training occurred. The unit returned to Houston at approximately 5:00 p.m. on Sunday, July 14, 2013. Thompson had called plaintiff during training, so plaintiff returned his call that evening at approximately 5:30 p.m. That call lasted approximately one minute, during which Thompson told plaintiff he needed to be at defendant's Dallas office at 5:00 a.m. on Monday, July 15, 2013, because there was an important orientation for the largest project in company history. Plaintiff did not tell Thompson of his back injury at this time.

Plaintiff then drove home to Arlington, a trip which took approximately four-and-one-half-hours. His back was sore following the training so he took a prescription muscle relaxant once at home and went to bed. Plaintiff set his alarm for 4:25 or 4:30 a.m. on Monday morning, but did not wake up with the alarm. Thompson called plaintiff Monday morning at 5:29 a.m. and 5:43 a.m. Plaintiff sent Thompson a text message later that day at 7:28 a.m. which stated that he was on the way to the emergency room for his back. The decision to terminate plaintiff's employment was made prior to plaintiff's text message to Thompson. Plaintiff reported to work at 8:00 a.m. on Tuesday, July 16, 2013, and faxed a doctor's note to corporate. Plaintiff was then informed that his employment had been terminated.

IV.

Applicable Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986).

The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case. Id. at 324; see also Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 597 (1986). In Mississippi Prot. & Advocacy Sys. v. Cotten, the Fifth Circuit explained:

> Where the record, including affidavits, interrogatories, admissions, and depositions could not, as a whole, lead a rational trier of fact to find for the nonmoving party, there is no issue for trial.

929 F.2d 1054, 1058 (5th Cir. 1991).

The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of law.[1] Celotex Corp., 477 U.S. at 323. If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Matsushita, 475 U.S. at 597; see also Mississippi Prot. & Advocacy Sys., 929 F.2d at 1058.

V.

Analysis

A. Reasonable Accommodation of Disability under 38 U.S.C. § 4313(b)(2)(B)

Defendant contends that plaintiff cannot show a failure to accommodate his injury because defendant did not know that plaintiff needed an accommodation for his back until after defendant decided to terminate him. Plaintiff made no mention of this cause of action in his response. It is undisputed that plaintiff told Thompson of his back injury during his interview, but it is also undisputed that defendant did not know of his need for accommodation when he was terminated. Plaintiff has presented nothing in support of this claim. Therefore, the motion for summary judgment should be granted as to plaintiff's failure-to-accommodate claim.

---

[1] In Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc), the Fifth Circuit explained the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict.

B.   The Remaining Claims

The court has concluded that it would benefit from discussion with, and argument from, counsel as to whether the summary judgment should be granted as to plaintiff's remaining claims. The court plans to consider the motion for summary judgment as to those claims at the pretrial conference.

VI.

Order

Therefore,

The court ORDERS that defendant's motion for summary judgment be, and is hereby, granted as to plaintiff's claim for failure to accommodate his disability, and be, and being held in abeyance for further consideration as to the remaining claims.

SIGNED April 2, 2015.

_____
JOHN McBRYDE
United States District Judge